U.S. DEPARTMENT OF LABOR
Office of the Solicitor
Janet M. Herold, Regional Solicitor
Bruce Brown, Associate Regional Solicitor
Jeannie Gorman, Trial Attorney
gorman.jeannie@dol.gov
Wash. State Bar Assoc. #23578
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6755
Facsimile: (206) 757-6761
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK PIZZELLA, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>  v.<br><br>McNABB TRUCKING, INC., *and* WILLIAM McNABB,<br><br>        Defendants. | File Number: _____<br><br>**COMPLAINT - Labor**<br>29 U.S.C. §651, *et seq.* |

I

Plaintiff brings this action for injunctive and other relief, pursuant to §11(c) of the Occupational Safety and Health Act of 1970, as amended (29 U.S.C. §651, *et seq.*), ("the Act") seeking to enforce the provisions of §11(c) of the Act and the Regulations published at 29 C.F.R. Part 1977.

**COMPLAINT - PAGE 1**
**Case No.**

II

Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §660(c)(2), namely §11(c)(2) of the Act.

III

Defendant McNabb Trucking, Inc. ("McNabb Trucking") is an Idaho corporation that operates a truck driving and hauling service located in Pocatello, Idaho within the jurisdiction of this Court.  Defendant is now, and was at all relevant times, a business affecting commerce within the meaning of the Act and a "person" as defined in 29 U.S.C. §652(4).  The term "employer" means "a person engaged in a business affecting commerce who has employees, but does not include the United States (not including the United States Postal Service) or any State or political subdivision of a State."  29 U.S.C. §652(5).  Thus, at all times material herein, Defendant McNabb Trucking was also an employer within the meaning of the Act.

IV

Defendant William McNabb ("McNabb") is an individual who operates McNabb Trucking, Inc., who resides in or around Pocatello, Idaho within the jurisdiction of this Court.  Defendant is now, and was at all relevant times, operating a business affecting commerce within the meaning of the Act and an "employer" as defined in 29 U.S.C. §652(5).  The term "employer" means "a person engaged in a business affecting commerce who has employees, but does not include the United States (not including the United States Postal Service) or any State or political subdivision of a State."  29 U.S.C. §652(5).  Thus, at all times material herein, Defendant McNabb was also an employer within the meaning of the Act.

V

At all times material herein, Ty Wilferth was an employee employed by the above-named

**COMPLAINT -  PAGE  2**
**Case No.**

Defendant employers as both terms are defined by 29 U.S.C. §652(5) and (6).

VI

Ty Wilferth filed a complaint with the U.S. Department of Labor, Mine Safety and Health Administration ("MSHA") on June 27, 2018 alleging that Defendants discriminated against him in violation of anti-discrimination statutes.  Mr. Wilferth filed a complaint with the Occupational Safety and Health Administration ("OSHA") on August 17, 2018 after being referred to OSHA by MSHA.

VII

OSHA thereafter investigated the above complaint in accordance with §11(c)(2) of the Act and determined that Defendants violated §11(c)(1) of the Act when they, *inter alia,* threatened Mr. Wilferth with physical violence for making a safety complaint, and terminated him in retaliation for Mr. Wilferth engaging in protected activity as further set forth below.

VIII

Defendants employed Mr. Wilferth as a truck driver from approximately September 2013 until his termination in June 2018.  As part of his duties, Mr. Wilferth hauled, loaded, and unloaded iron, gypsum, and coal to Defendants' customers.  Mr. Wilferth was never subject to formal or informal discipline while working for Defendants.

IX

On June 25, 2018, Mr. Wilferth hauled a load of gypsum from Pocatello, Idaho to Defendants' customer, Ash Grove Cement Company ("Ash Grove") in Durkee, Oregon.  Upon unloading the gypsum at Ash Grove, Mr. Wilferth became covered in the gypsum dust.  He was concerned about the hazard from the dust due to his exposure and called Defendant Bill McNabb.  Mr. McNabb told Mr. Wilferth to avoid exposure by stepping away from the loading

gate of the truck once the gypsum was unloading. Mr. McNabb's suggestion to step away from the source of the gypsum dust was unsatisfactory to Mr. Wilferth and did not address Mr. Wilferth's concern of exposure. Mr. Wilferth contacted OSHA to report the hazard of overexposure to gypsum dust. Mr. Wilferth was then referred to MSHA, and contacted MSHA by phone on June 25, 2018 to make a complaint of hazardous conditions.

X

On June 27, 2018, Mr. McNabb called Mr. Wilferth and asked Mr. Wilferth to write an apology letter to Ash Grove for making a safety complaint about their facility. Mr. McNabb also asked Mr. Wilferth to apologize in writing to all the drivers who loaded or unloaded at Ash Grove for the inconvenience of an MSHA inspection on Ash Grove's worksite. Mr. Wilferth told Mr. McNabb he would not write such a letter. When asked by Mr. McNabb to confirm that he was the complainant, Mr. Wilferth did not do so. During this conversation, Mr. McNabb told Mr. Wilferth that he (Mr. McNabb) would come to Mr. Wilferth's house "right now" to "kick his ass." Mr. McNabb told Mr. Wilferth there was no work for him and that he (Mr. Wilferth) may have "closed the whole thing down." Mr. Wilferth believed that Mr. McNabb had terminated his employment by telling him there was no work for him.

XI

On or around July 2, 2018, Mr. McNabb again called Mr. Wilferth and renewed his request that Mr. Wilferth write an apology letter to Ash Grove. Mr. Wilferth again declined. After Mr. Wilferth declined, Mr. McNabb asked Mr. Wilferth to return the truck Mr. Wilferth had been operating for Defendants.

XII

Following McNabb's repossession of the truck Mr. Wilferth had previously operated, Mr.

Wilferth made a complaint of unlawful discrimination to MSHA on July 15, 2018. On July 25, 2018, MSHA contacted Defendants and informed them of Mr. Wilferth's allegation of unlawful discrimination. On September 6, 2018, MSHA contacted Mr. Wilferth by letter, and copying Defendants, advised that there was no violation of MSHA's §105(c) anti-discrimination law. This finding was made because MSHA determined it did not have jurisdiction over Mr. Wilferth's complaint.

## XIII

Mr. Wilferth's complaint of unlawful discrimination was referred back to OSHA on or around August 17, 2018. OSHA conducted an investigation which concluded on or around March 7, 2019.

## XIV

By the acts described above, and by each of said acts, Defendants did discriminate, and are discriminating, against Mr. Wilferth because he exercised his rights under the Act by making a hazard complaint about his exposure to gypsum dust, and was threatened with physical violence and terminated from his job in retaliation for his safety complaint, as described in Paragraphs VI, VII, VIII, IX, X, XI, XII, and XIII.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order permanently enjoining Defendants, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of §11(c) of the Act (29 U.S.C. §660(c)(1)), and;

(2) For all appropriate relief, including payment to Ty Wilferth for lost wages and benefits including interest thereon, compensatory damages, including damages for emotional

distress, and;

(3) For an Order requiring posting in a prominent place for 60 (sixty) days and compliance with a Notice stating that Defendants will not in any manner discriminate against employees because of engagement, whether real or perceived, in activities protected by §11(c) of the Act and for the costs of this action, and;

(4) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 22nd day of August, 2019.

Kate O'Scannlain
Solicitor of Labor

Janet M. Herold
Regional Solicitor

Bruce L. Brown
Associate Regional Solicitor

Jeannie Gorman
Senior Trial Attorney

By: _____
**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**

**COMPLAINT - PAGE 6**
**Case No.**